**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**KENYATTA LYNN MOONEY**                                                                      **PLAINTIFF**

**V.**                                                                           **NO. 3:16-CV-00010-DMB-RP**

**JIMMY GRAY CHEVROLET, INC.,**
**and JOHN DOES 1-10**                                                                       **DEFENDANTS**

**ORDER**

On January 7, 2017, this Court, pursuant to its independent obligation to determine whether subject matter jurisdiction exists, issued an order requiring Kenyatta Lynn Mooney to show cause why this action should not be dismissed due to the absence of diversity jurisdiction under 28 U.S.C. § 1332. Doc. #15. Specifically, the Court ordered Mooney "to file sufficient allegations of diversity citizenship and amount in controversy along with, pursuant to 28 U.S.C. § 1653, a statement of amendment regarding only the jurisdictional allegations of the complaint to adequately allege diversity jurisdiction." *Id.* at 3. On February 2, 2017, Mooney filed first an amended complaint, Doc. #16, attaching as an exhibit an "Affidavit in Support of Diversity Jurisdiction" of her attorney, John Keith Perry, Jr., Doc. #16-2. Mooney then filed her "Response to Order to Show Cause," Doc. #17, attaching as an exhibit the same affidavit of her attorney which is attached to the amended complaint, Doc. #17-1.

This Court reiterates that, in considering whether the amount in controversy has been met, a court "must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. If the amount in controversy is not apparent, [the court] may then rely on summary judgment type evidence." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (internal quotation marks and citation omitted). "The standard by which the Court reviews the complaint for indication of the necessary amount in controversy

is whether the amount is 'likely' to exceed $75,000 based on the types of claims alleged and the nature of the damages sought." *Bates v. Laminack*, 938 F.Supp.2d 649, 654 (S.D. Tex. 2013) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995). "[T]he party invoking federal diversity jurisdiction ... bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Hartford*, 293 F.3d at 910. To this end, "conclusory allegations regarding the amount in controversy will not suffice to establish its existence." *City of Sachse v. Kansas City S.*, 564 F.Supp.2d 649, 657 (E.D. Tex. 2008) (internal quotation marks omitted).

Here, the amended complaint[1] seeks a wide variety of damages ranging from emotional distress to "temporary inability to work," and then includes in the prayer for relief seemingly random numbers of $427,000 for compensatory damages and "at least" $150,000 in punitive damages. Doc. #16. However, the amended complaint alleges no *facts* which would support a conclusion that the amount demanded is anything but fanciful or that the claims are likely to exceed the jurisdictional minimum. Specifically, Mooney has not alleged what employment opportunities she lost and, with the exception of an allegation that she has been diagnosed with post-traumatic stress disorder, what emotional injuries she suffered. Under these circumstances, the Court concludes that it is not facially apparent that Mooney's claims are likely to exceed the amount in controversy. *See generally*, *Davis v. Licari*, 434 F.Supp. 23, 26 (D.D.C. 1977) (amount in controversy not met in action for assault, false imprisonment, false arrest, and malicious prosecution, where plaintiff did not "seek compensation for any specific injury to his person or to his property [but sought] compensation only for certain highly intangible items

---

[1] Because the Court instructed Mooney to file only a statement of amendment rather than an amended complaint, the amended complaint may be stricken. Regardless, the amended complaint, alone or in conjunction with the affidavit of Mooney's attorney, does not suffice to establish the requisite amount in controversy (though it does sufficiently allege Mooney's state of citizenship).

which fall within the realm of 'emotional injuries'"); 14AA Fed. Prac. & Proc. Juris. § 3707 (4th ed.) ("The Fifth Circuit also has indicated a desire to avoid having the federal courts function as small claims courts in the diversity context.") (citing *Burns v. Anderson*, 502 F.2d 970 (5th Cir. 1974)).

Next, the affidavit of Mooney's counsel, which seems to just randomly assign damages figures to Mooney's claims, without any attempt to explain how the figures were calculated or to reference any documentation upon which they are based, suffers from the same deficiencies as the complaint.[2] Accordingly, the affidavit cannot support a finding that the amount in controversy requirement has been met here either.

Under these circumstances, Mooney is **ORDERED TO SHOW CAUSE** why this matter should not be dismissed due to the absence of diversity jurisdiction under 28 U.S.C. § 1332. Mooney has seven (7) days from the entry of this order to submit competent evidence to establish the requisite amount in controversy as of the date of the commencement of this action, along with, pursuant to 28 U.S.C. § 1653, a statement of amendment regarding only the jurisdictional allegations.

**SO ORDERED**, this 3rd day of February, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although in his affidavit, Mooney's counsel cites some cases with respect to some items of damages, there is no elaboration about why or how the facts and holding of the case support the damages amount stated.